## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Charles Cain, et al., | ) | CASE NO: 5:12CV1699 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Chesapeake Exploration, LLC, et al., | ) | (Resolving Docs. 4, 9, and 14) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendant Chesapeake Exploration's motion to dismiss counts III and V of Plaintiffs' complaint (Doc. 4). Additionally, Plaintiffs have moved to remand this matter to state court (Doc. 9) and have moved for leave to amend their complaint (Doc. 14). The partial motion to dismiss is GRANTED. The motion to remand is DENIED. The motion for leave to amend is DENIED.

### I.  Legal Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id.*  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

Furthermore, pursuant to the Federal Rules of Civil Procedure, leave to amend shall be "freely give[n] ... when justice so requires." Fed.R. Civ.P. 15(a)(2). However, "[a] motion to amend a complaint should be denied if the amendment … would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371

U.S. 187, 83 (1962)). A proposed amendment is futile if the amendment would not withstand a motion to dismiss. *See Smith v. Chattanooga*, 2009 WL 3762961 (E.D.Tenn. Nov. 4, 2009) (finding an amendment futile because it would be barred by the statute of limitations); *Render v. Forest Park Police Dept.*, 2009 WL 1788342 (S.D.Ohio June 23, 2009 (same). *See also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

## II. Analysis

Under Ohio law, the elements of fraud are as follows:

(a) a representation or, where there is a duty to disclose, concealment of a fact,

(b) which is material to the transaction at hand,

(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

(d) with the intent of misleading another into relying upon it,

(e) justifiable reliance upon the representation or concealment, and

(f) a resulting injury proximately caused by the reliance.

*Burr v. Stark Cty. Bd. Of Commrs.*, 23 Ohio St.3d 69, ¶ 2 of syllabus (1986) (citing *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167 (1984)).

In its motion to dismiss, Chesapeake has alleged that the fraud claim must be dismissed because it involves future statements that are not actionable and because it has not been pled with particularity. Plaintiffs have responded that the future statements are actionable under Ohio law and that their proposed amended complaint resolves any problem with the particularity of their accusations.

3

Upon review, neither the complaint nor the proposed amended complaint states a claim for fraud with particularity.  In the proposed amended complaint, Plaintiffs allege as follows:

> The Landmen made threats to Plaintiffs that if Plaintiffs did not sign an Amendment to their Leases, Chesapeake would not develop Plaintiffs' property, would drill a well within five hundred (500) feet of Plaintiffs' property, that Plaintiffs would not benefit from royalty payments as a result, and that Plaintiffs' property would become "a hole on the map."

Doc. 14-2 at 8.  The amended complaint then goes on to specify the alleged misrepresentations made by Defendants Cody Cook, Ryan Mobley, and Matthew McKinnon.  Doc. 14-2 at 9-10.  Assuming for the sake of argument that these assertions meet the particularity requirements for pleading fraud, the proposed amended complaint would still be subject to dismissal.

As noted above, the elements of fraud include justifiable reliance by Plaintiffs and resulting injury.  Neither the complaint nor the proposed amended complaint alleges any reliance by Plaintiffs on the alleged misrepresentations.  In fact, Plaintiffs' brief in opposition to the motion to dismiss makes it clear that Plaintiffs never relied upon these alleged misrepresentations:

> For example, Chesapeake repeatedly states that Plaintiffs have entered into amendments to their oil and gas leases with Chesapeake that Plaintiffs no longer wish to honor. In fact, none of the Plaintiffs in this matter acquiesced to the repeated threats and harassment by Chesapeake through its employees, the Landmen, and signed the lease amendments. Rather, when told by the Landmen that Chesapeake had no intention of honoring the leases entered into by Plaintiffs and Anschutz and that Chesapeake would simply drill around Plaintiffs' property and turn their property into a "hole on the map," *Plaintiffs all wisely refused to succumb to Chesapeake's efforts to exert its superior bargaining power under the subject Leases*.

4

Doc. 15 at 2 (emphasis added).  Effectively, Plaintiffs have pled that Chesapeake or its agents attempted to defraud them, i.e., made false statements with the intent to induce Plaintiffs to sign lease amendments.  Plaintiffs, however, expressly did not rely upon these statements.  Accordingly, they have failed to allege a claim for fraud in either the complaint or the proposed amended complaint.  The motion to dismiss the fraud claim, therefore, is well taken.

Similarly, Plaintiffs' claim for economic coercion must fail.  Chesapeake asserts that Ohio does not recognize such a cause of action.  In response, Plaintiffs attempt to distinguish the numerous cases relied upon by Chesapeake.  However, Plaintiffs have offered **no** authority from any Ohio court that has recognized such a tort.  For that matter, Plaintiffs have not even proposed what the elements of such a tort would be for the Court to consider.  Accordingly, as Ohio law is, at best, unsettled in this area, the Court cannot recognize such a cause of action.  *See Pavlovich v. National City Bank*, 435 F.3d 560 (6th Cir. 2006) (holding that when Ohio law is unsettled, a federal court may not entertain a novel tort claim).

Assuming arguendo that such a claim could be recognized under Ohio law, it is clear from the complaint and proposed amended complaint that such a claim has not been properly pled herein.  While not in the civil context, Ohio has defined coercion:

> Coercion for purposes of sexual battery has been defined as to compel by pressure. Webster's Third New International Dictionary (1993) defines 'to coerce' in relevant part as to restrain, control, or dominate, nullifying the individual will or desire, to compel to an act by force, threat, or other pressure, and to bring about by force, threat, or other pressure. Black's Law Dictionary (5th Ed.1979), in turn, states that coercion may be actual, direct, or positive, as where physical force is used to compel act against one's will, or implied, legal, or constructive, as where one party is constrained by subjugation to other to do what his free will would refuse.

*State v. Watson*, 2009 WL 1244167, at *5 (Ohio Ct. App. May 7, 2009) (citations, alterations, and quotations omitted).  Under any reasonable definition, coercion would include compelling one to act.  Similar to the fraud allegations, Plaintiffs have not alleged that they were compelled to act.  In fact, Plaintiffs have expressly argued that they did not act, despite repeated threats from the landmen.  Accordingly, Plaintiffs again appear to argue some type of attempted tort.  As Plaintiffs were not compelled to act, they cannot establish coercion.

Finally, with respect to both the fraud and economic coercion claims, there are no allegations of damages within the complaint or proposed amended complaint.  Instead, Plaintiffs appear to argue that they were harassed and menaced by the landmen, but never acquiesced to the demands or threats.  Accordingly, the complaint also fails to allege any legally compensable damages that flow from these alleged torts.  The motion to dismiss is GRANTED.

As the proposed amended complaint does not remedy the deficiencies in these claims, the amendment would be futile.  Accordingly, the motion for leave to amend is DENIED.

Finally, the motion to remand is DENIED.  Plaintiffs' motion is premised upon an argument that they alleged colorable claims against the landmen, destroying diversity.  However, as detailed above, Plaintiffs failed to allege each of the elements of these state causes of action.  Accordingly, they did not file a complaint that contained colorable claims against the landmen.  As such, the Court hereby dismisses the claims against the landmen.  As a result, diversity exists and Plaintiffs' motion to remand must be denied.

**III.**     **Conclusion**

Chesapeake's motion to dismiss Counts III and V of the complaint is GRANTED. The claims against Defendants Cody Cook, Ryan Mobley, and Matthew McKinnon are hereby DISMISSED.  The motion for leave to amend the complaint is DENIED as futile. The motion to remand this matter to state court is DENIED.

IT IS SO ORDERED

August 9, 2012                                 _____/s/ Judge John R. Adams_____
Date                                                    JUDGE JOHN R. ADAMS
                                                          UNITED STATES DISTRICT COURT