UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Cain, et al., | ) | CASE NO. 5:12CV1699 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| Chesapeake Exploration, LLC, et al., | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants | | |

Pending before the Court is a partial motion for summary judgment (Doc. 29) filed by Plaintiffs and a motion for summary judgment (Doc. 30) filed by Defendant Chesapeake Exploration, LLC.  Plaintiffs' motion (Doc. 29) is DENIED.  Chesapeake's motion (Doc. 30) is GRANTED.

Initially, the Court would note that it has recently decided the issue that is at the heart of this litigation in a related case, *Chesapeake Exploration, LLC v. Catlett Quality Plumbing & Heating, Inc.*, Case No. 5:12CV188.  Within that matter, the Court was asked to interpret the precise lease provision at issue herein.  The Court fully incorporates its analysis from that matter herein.  As such, the Court once again concludes that paragraph 14 of the leases at issue, the Preferential Right to Renew provision, is unambiguous and does not provide Plaintiffs with a right of termination.  Accordingly, judgment in Chesapeake's favor on Counts I and II of the complaint and on the counterclaim is appropriate.

Accordingly, the sole count left for this Court to review is Count IV of the complaint which reads in total as follows:

42. Plaintiffs restate and reallege each of the foregoing paragraphs as if fully

1

rewritten herein.

43. Chesapeake owes Plaintiffs a duty to act in good faith and with fair dealing.

44. Chesapeake owes Plaintiffs certain duties which are implied under the law, including, but not limited to, an implied covenant to conduct all operations that affect Plaintiffs' royalty interest with reasonable care and due diligence.

45. Employees of Chesapeake, acting within the course and scope of their employment with Chesapeake, have made threats to Plaintiffs that if Plaintiffs do not sign an Amendment to their Leases, Chesapeake would not develop their property, would drill a well within five hundred (500) feet of their property, that Plaintiffs would not benefit from royalty payments as a result, and that Plaintiffs' property would become "a hole on the map."

46. Such threats constitute a breach of Chesapeake's duty of good faith, fair dealing, and its duty to conduct all operations that affect Plaintiffs' royalty interest with reasonable care and due diligence.

47. Legal remedies are inadequate to compensate Plaintiffs for these breaches.

48. Plaintiffs are entitled to an Order declaring the Leases forfeited or cancelled for Chesapeake's breaches of its obligations under the Lease.

Doc. 1-3 at 10.   However, in their opposition to summary judgment, Plaintiffs seek to dramatically expand their claim.  Plaintiffs contend that they have raised claims surrounding all of the implied covenants, including:

1.  The covenant to drill an initial exploratory well.

2.  The covenant to protect the lease from drainage.

3.  The covenant of reasonable development.

4.  The covenant to explore further.

5.  The covenant to market the product.

6.  The covenant to conduct all operations that affect the lessor's royalty interest with reasonable care and due diligence.

Doc. 31 at 9.

Breaches of these implied covenants were not pled in the complaint.  Moreover, no facts

were alleged in support of a breach of these covenants.  Instead, Plaintiffs chose to plead a single fact in support of this claim – that Chesapeake made threats to the landowners to induce them to sign amendments.  As the Court found in dismissing the tort claims in this action, no damages flow from this alleged threatening activity because no amendments were signed.  Accordingly, this alleged breach of an implied covenant cannot survive as a matter of law.

Based upon the above, Chesapeake's motion for summary judgment is GRANTED. Plaintiffs' motion for summary judgment is DENIED.  Having resolved all of the claims in the complaint and counterclaim, this matter is hereby CLOSED.

IT IS SO ORDERED.


DATE: November 30, 2012                    */s/ John R. Adams*_____
                                           Judge John R. Adams
                                           UNITED STATES DISTRICT COURT